**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ISMAEL PADILLA, #356764,**  )  | |
|        Plaintiff,  ) | |
|  ) | |
| v.  ) | 3:05-CV-1206-B |
|  ) | |
| **TDCJ-CID,**  ) | |
|        Defendant.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The supplemental findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Plaintiff filed this unspecified civil action on June 13, 2005, in the form of a letter addressed to this court, complaining about the mail policies presently in effect at the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Plaintiff is presently incarcerated at the Estelle Unit of TDCJ-CID in Huntsville, Texas.

The court has not issued process in this case. However, on June 21, 2005, the court issued a notice of deficiency and order directing Plaintiff to submit a motion for leave to proceed *in forma pauperis*. As of the date of filing of this recommendation, Plaintiff has not responded to the deficiency order.

Presently before the court is Plaintiff's motion requesting a stay of action pending

exhaustion of administrative remedies, filed on July 5, 2005.

Although exhaustion under 42 U.S.C. § 1997e(a) is not jurisdictional, <u>Underwood v. Wilson</u>, 151 F.3d 292, 293-95 (5th Cir. 1998), it is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002); <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Fifth Circuit Court of Appeals has construed § 1997e(a) to require "that administrative remedies be exhausted *before* the filing of a § 1983 suit, rather than while the action is pending." <u>Wendell v. Asher</u>, 162 F.3d 887, 890 (5th Cir. 1998) (emphasis added). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." <u>Id.</u> at 891 (citing <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998)).

Plaintiff has not raised any valid excuse for failing to exhaust his available administrative remedies before filing the letter complaint in this case. In light of the statutory mandate of § 1997e(a), the District Court should deny Plaintiff's motion requesting a stay of this action pending exhaustion of administrative remedies.

<u>RECOMMENDATION</u>:

For the foregoing reasons, it is recommended that Plaintiff's motion requesting a stay of this action pending exhaustion of administrative remedies should be denied, and that the

complaint should be dismissed without prejudice for failure to exhaust administrative remedies.

A copy of this recommendation will be mailed to Plaintiff Ismael Padilla, #356764, TDCJ Estelle Unit, 264 FM 3478, Huntsville, Texas 77320-3320.

Signed this 11th day of July, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.